## STATE OF WEST VIRGINIA
## SUPREME COURT OF APPEALS

*In re*: **P.R.**

**No. 17-0348** (Braxton County 16-JA-68)

**FILED**

**October 23, 2017**

RORY L. PERRY II, CLERK
SUPREME COURT OF APPEALS
OF WEST VIRGINIA

## MEMORANDUM DECISION

Petitioner Mother L.R., by counsel Andrew Chattin, appeals the Circuit Court of Braxton County's March 10, 2017, order terminating her parental and custodial rights to P.R.[1] The West Virginia Department of Health and Human Resources ("DHHR"), by counsel Lee Niezgoda, filed a response in support of the circuit court's order. The guardian ad litem ("guardian"), Mary Elizabeth Snead, filed a response on behalf of the child in support of the circuit court's order and a supplemental appendix. On appeal, petitioner argues that the circuit court erred in refusing to grant her an improvement period prior to terminating her parental and custodial rights.

This Court has considered the parties' briefs and the record on appeal. The facts and legal arguments are adequately presented, and the decisional process would not be significantly aided by oral argument. Upon consideration of the standard of review, the briefs, and the record presented, the Court finds no substantial question of law and no prejudicial error. For these reasons, a memorandum decision affirming the circuit court's order is appropriate under Rule 21 of the Rules of Appellate Procedure.

In November of 2016, the DHHR filed an abuse and neglect petition against petitioner alleging she knowingly or intentionally inflicted physical injury upon the child by consuming and using controlled substances during her pregnancy. The DHHR alleged that petitioner and the child tested positive for Subutex and amphetamines on the day of the child's birth. The DHHR further alleged that petitioner had a history of drug addiction issues and that those issues impaired her ability to parent the child. Also in November of 2016, the DHHR filed an amended petition alleging that petitioner's parental rights to five older children were involuntarily terminated in separate cases in 2008, 2009, and 2014, and that petitioner voluntarily relinquished her rights to a sixth child in 2013.

In December of 2016, the circuit court held an adjudicatory hearing where petitioner was adjudicated as an abusing parent. According to the DHHR, petitioner's prior terminations of

---

[1]Consistent with our long-standing practice in cases with sensitive facts, we use initials where necessary to protect the identities of those involved in this case. *See In re K.H.*, 235 W.Va. 254, 773 S.E.2d 20 (2015); *Melinda H. v. William R. II*, 230 W.Va. 731, 742 S.E.2d 419 (2013); *State v. Brandon B.*, 218 W.Va. 324, 624 S.E.2d 761 (2005); *State v. Edward Charles L.*, 183 W.Va. 641, 398 S.E.2d 123 (1990).

1

parental rights were due to her addiction to controlled substances and her failure to substantially correct the conditions of abuse and neglect.

In January of 2017, the circuit court held a dispositional hearing wherein petitioner moved for an improvement period. According to the guardian and the DHHR, petitioner tested positive for illegal controlled substances in November of 2016 and in December of 2016; made no efforts to comply with services; and had no contact with the child since his birth. The circuit court found that petitioner had her rights to five children involuntarily terminated and voluntarily relinquished rights to the sixth child through multiple abuse and neglect proceedings and all were the result of petitioner's addiction and abuse of controlled substances. The circuit court further found that termination of petitioner's parental and custodial rights was in the best interest of the child. The circuit court denied petitioner's motion for an improvement period at disposition and ultimately terminated her parental and custodial rights in its March 10, 2017, order.[2] It is from the dispositional order that petitioner appeals.

The Court has previously established the following standard of review:

"Although conclusions of law reached by a circuit court are subject to *de novo* review, when an action, such as an abuse and neglect case, is tried upon the facts without a jury, the circuit court shall make a determination based upon the evidence and shall make findings of fact and conclusions of law as to whether such child is abused or neglected. These findings shall not be set aside by a reviewing court unless clearly erroneous. A finding is clearly erroneous when, although there is evidence to support the finding, the reviewing court on the entire evidence is left with the definite and firm conviction that a mistake has been committed. However, a reviewing court may not overturn a finding simply because it would have decided the case differently, and it must affirm a finding if the circuit court's account of the evidence is plausible in light of the record viewed in its entirety." Syl. Pt. 1, *In Interest of Tiffany Marie S.*, 196 W.Va. 223, 470 S.E.2d 177 (1996).

Syl. Pt. 1, *In re Cecil T.*, 228 W.Va. 89, 717 S.E.2d 873 (2011). Upon our review, the Court finds no error in the circuit court's rulings.

On appeal, petitioner argues that the circuit court erred in terminating her parental and custodial rights without first granting her an improvement period. Petitioner argues that the circuit court should have granted her an improvement period so she could attend long-term inpatient drug rehabilitation. According to petitioner, if given the opportunity, she would comply with all of the terms and conditions of an improvement period.

In order to obtain an improvement period at disposition, under West Virginia Code § 49-4-610(3)(B), it is required that the parent "demonstrates, by clear and convincing evidence, that

---

[2]The parents' parental and custodial rights to the child were terminated below. According to the guardian and the DHHR, the child is placed with the paternal grandparents with the goal of adoption in that home.

the [parent] is likely to fully participate in the improvement period . . . " Further, we have often noted that the decision to grant or deny an improvement period rests in the sound discretion of the circuit court. *See In re: M.M.*, 236 W.Va. 108, 778 S.E.2d 338 (2015) (stating that "West Virginia law allows the circuit court discretion in deciding whether to grant a parent an improvement period"); Syl. Pt. 6, in part, *In re Katie S.*, 198 W.Va. 79, 479 S.E.2d 589 (1996) (holding that "[i]t is within the court's discretion to grant an improvement period within the applicable statutory requirements").

Here, petitioner failed to present any evidence to demonstrate to the circuit court that she would be likely to fully participate in an improvement period granted at disposition. The record on appeal shows that petitioner did not comply with services during the proceedings and had no contact with the child since his birth. Further, petitioner had a long history of drug abuse and tested positive for illegal drugs in November and December of 2016. Based on this evidence, we find petitioner did not prove by clear and convincing evidence that she would be likely to fully participate in an improvement period and, therefore, we find no error in the circuit court's denial of petitioner's motion for an improvement period at disposition.

Further, we have previously held that

> "[t]ermination of parental rights, the most drastic remedy under the statutory provision covering the disposition of neglected children, W. Va.Code [§] 49-6-5 [now West Virginia Code § 49-4-604] . . . may be employed without the use of intervening less restrictive alternatives when it is found that there is no reasonable likelihood under W. Va.Code [§] 49-6-5(b) [now West Virginia Code § 49-4-604(c)] . . . that conditions of neglect or abuse can be substantially corrected." Syllabus point 2, *In re R.J.M.*, 164 W.Va. 496, 266 S.E.2d 114 (1980).

Syl. Pt. 5, *In re Kristin Y.*, 227 W.Va. 558, 712 S.E.2d 55 (2011). Here, the evidence indicated that there was no reasonable likelihood that petitioner could substantially correct the conditions of neglect. West Virginia Code § 49-4-604(c)(3) provides that no reasonable likelihood that the conditions of abuse or neglect can be substantially corrected exists when "[t]he abusing parent . . . ha[s] not responded to or followed through with a reasonable family case plan or other rehabilitative efforts[.]" The record on appeal shows petitioner's parental and custodial rights to six children were voluntarily and involuntarily terminated between 2008 and 2014 due to her history of substance abuse. As discussed above, petitioner tested positive for Subtex and amphetamines when she gave birth to the child and he tested positive for those same drugs at birth. Petitioner clearly did not remedy the conditions that led to the prior terminations of her parental rights, as evidenced by her failure to comply with services and continued use of illicit controlled substances. For these reasons, we find no error in the circuit court's termination of petitioner's parental and custodial rights.

For the foregoing reasons, we find no error in the decision of the circuit court, and its March 10, 2017, order is hereby affirmed.

Affirmed.

**ISSUED**:  October 23, 2017


**CONCURRED IN BY**:

Chief Justice Allen H. Loughry II
Justice Robin Jean Davis
Justice Margaret L. Workman
Justice Menis E. Ketchum
Justice Elizabeth D. Walker

4